1

2

3

4

5

6

7      **IN THE UNITED STATES DISTRICT COURT**
       **FOR THE WESTERN DISTRICT OF WASHINGTON**

8
       **TACOMA DIVISION**
9

10     FREEDOM FOUNDATION, a Washington non-profit corporation,          No. _____

11                          Plaintiff,          **COMPLAINT FOR DECLARATORY
                                                RELIEF, INJUNCTIVE RELIEF, AND
12        v.                                    DAMAGES**

13     WASHINGTON STATE DEPARTMENT OF
       LABOR & INDUSTRIES, a Washington
14     government agency, HEATHER NORMOYLE, in
       her individual capacity, and JANE DOE, in her
15     official capacity,

16                          Defendants.

17

18
               The Plaintiff, Freedom Foundation (the "Foundation" or the "Plaintiff"), by and through
19
       its  undersigned  counsel,  and  for  its  Complaint  against  the  WASHINGTON  STATE
20
       DEPARMENT  OF  LABOR  &  INDUSTRIES  ("L&I"  or  the  "Department"),  HEATHER
21
       NORMOYLE ("Ms. Normoyle"), and Jane Doe ("Doe") (collectively, the "Defendants"), hereby
22
       alleges as follows:
23

24

       COMPLAINT FOR DECLARATORY
       RELIEF, INJUNCTIVE RELIEF &                    1
       DAMAGES

# I.   INTRODUCTION.

1.      This is a civil rights action for declaratory & injunctive relief, as well as damages, seeking to vindicate the rights of the Freedom Foundation, a non-profit advocacy organization, to freedom of speech and freedom of association/assemblage, as guaranteed by the First Amendment to the United States Constitution (incorporated against the states by way of the Fourteenth Amendment), as well as Article I, Sections 4 and 5 of the Washington State Constitution.

2.      The Defendants named herein roundly violated the Foundation's rights in this regard, by prohibiting the Freedom Foundation and its employees from conducting protected First Amendment activities, including canvassing and leafletting, in publicly accessible areas of the Department's building where other, favored speakers were permitted to engage in expressive activities, and ejecting the Foundation's employees from L&I's premises, on June 27, 2019.

3.      The purpose of the Foundation's speech activities on that date was to celebrate the one-year anniversary of the U.S. Supreme Court's groundbreaking decision in *Janus v. AFSCME*, 138 S.Ct. 2448 (2018), a ruling critical to the Foundation's mission to "advance individual liberty, free enterprise and limited, accountable government," and by informing public sector workers of the important constitutional rights recognized in that decision.

4.      The Defendants continue to violate the Freedom Foundation's state and federal constitutional rights, by maintaining an ongoing policy that prevents the Foundation and others from speaking upon certain topics and expressing certain viewpoints, while allowing advocacy and expression regarding favored subjects and from favored speakers and/or organizations.

5.      Upon information and belief, the Defendants have violated the Foundation's state and federal constitutional rights, as set forth herein, because they disapprove of the Freedom Foundation's mission and its message and sought to silence the Foundation's expression.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                                            2

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

## II.   PARTIES.

6.      The Freedom Foundation is a non-profit organization organized under 26 U.S.C. § 501(c)(3) with offices in Washington, Oregon, and California. The Foundation is headquartered in Olympia, Washington.

7.      The Washington State Department of Labor and Industries is a Washington State governmental agency, headquartered in Tumwater, Washington.

8.      Upon information and belief, Ms. Normoyle is the Assistant Director of Human Resources for the Department and is sued in her individual capacity by way of this action. At all times relevant hereto, Ms. Normoyle purported to be acting under color of law.

9.      Jane Doe is an unidentified female who accompanied Ms. Normoyle in ejecting the Foundation's employees from the premises of L&I in June, 2019, and is sued in her individual capacity by way of this action. At all times relevant hereto, Jane Doe purported to be acting under color of law and pursuant to the official policy and/or custom of the Department. This individual's name is unknown to the Plaintiff, at this time.

## III.   JURISDICTION AND VENUE.

10.      The Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1343(a)(3), because this case raises violations of Plaintiff's federal constitutional rights, and is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 2201 and 2202.

Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b), and intra-district assignment to the Tacoma federal district court is proper under LCR 3(e)(1), because all relevant events occurred in Thurston County, Washington.

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

#### IV.     STATEMENT OF FACTS.

11.     The Freedom Foundation was founded in 1991 as the Evergreen Freedom Foundation. Its mission is to advance individual liberty, free enterprise, and limited, accountable government. Its work includes non-partisan public issue advocacy, research, education, and litigation.

12.     The clash between constitutional rights and compulsory unionization of public employees has been the Foundation's highest priority for the past several years.

13.     Freedom Foundation employs canvassers who seek to inform public-sector workers of their First Amendment rights, as recognized by the Supreme Court of the United States in *Janus v. AFSCME*, to refrain from or cease financially supporting their respective unions, allowing the unions to speak for them, or associating with their unions against their will.

14.     These canvassers visit government offices and other locations throughout the year, as part of various information campaigns concerning government workers' First Amendment rights.

15.     The Foundation's canvassers have frequently met with resistance from public sector union and government officers while performing these activities.

16.     Previously, in the holiday season of 2015, the Foundation's holiday canvassing at the Department occurred outside the building, although security personnel informed the Foundation that its employees could canvas inside the building if they so wished.

17.     On another occasion, in 2017, employees from the Foundation encountered Human Resources employees from L&I while canvassing outside the Department's building. Although the L&I employees initially requested that the Foundation's employees leave the premises, they

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                                         4

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

relented when the Foundation's employees asserted their First Amendment right to conduct such activities outside the building.

18.     As part of its canvassing activities, on June 27, 2019, the Foundation sent three (3) of its employees to the building of the Department of Labor and Industries, located at 7273 Linderson Way SW, Tumwater, WA 98501.

19.     The Foundation's canvassers carried two (2) signs referring to the *Janus* decision, and directing people to www.OptOutToday.com, an informational website created by the Foundation, to learn more.

20.     The Foundation's canvassers also carried several dozen pamphlets containing informational material about the *Janus* decision.

21.     The Foundation's canvassers intended to convey information about government workers' First Amendment freedoms to state employees represented by the Washington Federation of State Employees (WFSE/AFSCME Council 28).

22.     Upon entering the L&I building, the Foundation's three (3) employees informed the front desk receptionist that they intended to distribute informational, non-commercial materials to public employees, and that they intended to remain in the publicly accessible portions of the building.

23.     The Foundation's employees stated to the receptionist it was their understanding that the space outside the cafeteria was publicly accessible and open for expressive activities, and that they were allowed to distribute their materials there.

24.     That understanding was based upon the past practice of L&I, which typically allowed non-government speakers (including public employee unions), openly to conduct First

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                                    5

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    Amendment activities in publicly accessible portions of the building, including outside the

2    cafeteria, without first seeking a permit or other written approval.

3         25.    The front desk receptionist informed the Foundation's employees that the space

4    outside of the cafeteria was indeed open to the public for expressive activities, and that they were

5    allowed to conduct First Amendment activities in that area.

6         26.    Accordingly, the publicly accessible area in which the Foundation leafletted was a

7    public forum.

8         27.    Alternatively, the publicly accessible area in which the Foundation leafletted was a

9    designated public forum.

10        28.    On the day of the Foundation's visit, several other individuals and/or groups had

11   set up tables in the hallways at the top of the stairs in the Department's building, which was down

12   the hall from the area outside the cafeteria, where the Foundation intended to distribute its material

13   and otherwise conduct its expressive activities.

14        29.    Also present at the top of the stairs and immediately outside the cafeteria were

15   several flags, posters and other displays advocating for the rights of Lesbian, Gay, Bisexual and

16   Transgender ("LGBT") individuals, as well as other commentators and/or vendors.

17        30.    The Foundation's employees positioned themselves opposite the entrance to the

18   cafeteria, in an area where they were not impinging upon the spaces occupied by other tables, and

19   not blocking the flow of traffic, nor ingress and egress from the cafeteria or the building, generally.

20        31.    The Foundation's employees began engaging public employees in brief

21   conversations and otherwise interacting with them, which continued for several minutes.

22

23

24

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                                      6

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

32. The Foundation's interactions with these employees were entirely confined to discussing the *Janus* decision and the right of public employees to opt out of subsidizing the union, by ceasing their payment of dues and/or agency fees.

33. The Foundation's conducting its First Amendment activities in the publicly accessible areas of the L&I Building does not pose a clear and present danger of harm to any person, or any serious and imminent threat to any significant and/or compelling state interests.

34. After the Foundation's employees had been present in this location for approximately ten (10) to fifteen (15) minutes, a Washington State Patrol officer whose badge indicated his name was Joe McClain emerged from the elevator and approached the Foundation's employees.

35. Officer McClain asked what the Foundation's employees were doing, and they explained that they were distributing materials concerning public employees' First Amendment rights under the *Janus* decision. The Foundation's employees further explained that they had checked in at the front desk and had been advised that they were allowed to conduct First Amendment activities in the hallway outside the cafeteria.

36. The officer indicated that the Foundation's employees were not creating any problem as far as he was concerned, and did not mention that anything was otherwise amiss, but requested a copy of the pamphlet that the Foundation was distributing.

37. The Foundation's employees provided Officer McClain with a copy of the pamphlet, and he walked away without looking at the pamphlet provided.

38. After this encounter, an unidentified woman approached the Foundation's employees and, upon learning that they were from the Freedom Foundation, became visibly agitated and walked away, while simultaneously muttering inaudible words under her breath.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES

7

1    39.    Shortly thereafter, after the Foundation's employees had distributed all but a few

2    of their informational pamphlets, two (2) of the Foundation's employees were approached by three

3    (3) to five (5) Washington State Patrol officers, accompanied by two (2) women.

4    40.    One of the women accompanying the officers was Ms. Normoyle, the named

5    Defendant, the Assistant Director of Human Resources for L&I.

6    41.    The other woman (Jane Doe) accompanying the officers and Ms. Normoyle did not

7    identify herself or wear any visible, identifying indicia. Upon information and belief, however,

8    this individual was another employee of the Department.

9    42.    Upon information and belief, the Washington State Patrol officers were acting at

10    the behest of Ms. Normoyle and/or other employee(s) of the Department, and with their approval.

11    One of the officers wore a badge indicating that his name was "B. Maupin," but the Foundation

12    has not otherwise been able to obtain identifying information for these individuals.

13    43.    Ms. Normoyle asked what the Foundation employees were doing, and whether they

14    had submitted an application to distribute pamphlets in the area.

15    44.    It was the employees' understanding that they did not need to submit an application

16    or obtain a permit to conduct First Amendment activities in this area. The front desk receptionist

17    had confirmed to them that this area was publicly accessible to all, without the need to seek

18    government permission.

19    45.    Therefore, Foundation's employees advised Ms. Normoyle and the others present

20    that they had not submitted an application.

21    46.    The Foundation's employees also advised Ms. Normoyle and the others present that

22    they were distributing non-commercial informational material about public employees' First

23    Amendment rights under *Janus*, and that the front desk receptionist had told them that it was

24

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                8

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1   appropriate for them to conduct such First Amendment activities in the publicly accessible hallway

2   outside the cafeteria.

3       47.   The Foundation's employees also advised Ms. Normoyle and the others present that

4   Officer McClain had previously inquired about the Foundation's leafletting activities, but allowed

5   them to continue conducting such activities in this publicly accessible area.

6       48.   Ms. Normoyle proceeded to inform the Foundation's employees that the

7   Department's policy purportedly required them to submit an application and obtain administrative

8   approval before conducting First Amendment activities in this area of the Department's premises.

9       49.   The Foundation's employees asked Ms. Normoyle to confirm that they were

10   present in a publicly accessible area of the Department building, which Ms. Normoyle did confirm.

11       50.   The Foundation's employees also asked Ms. Normoyle to confirm that she was

12   asking them to leave the Department's premises, and Ms. Normoyle confirmed that she was, in

13   fact, ejecting them as such.

14       51.   During this time, one (1) of the Foundation's employees was occupied with taking

15   photographs of the scene that was transpiring, including the small crowd of onlookers that had

16   gathered around the Foundation's employees.

17       52.   One of the Washington State Patrol officers, Officer B. Maupin, heard that

18   employee's camera snapping photographs and ordered the employee to stop taking pictures.

19       53.   Not knowing what else to do, the Foundation's employee acceded to Officer

20   Maupin's order to cease taking pictures of the scene.

21       54.   Shortly thereafter, however, Officer Maupin believed (incorrectly) that the

22   Foundation's employee had recommenced taking photographs and became incensed at same. The

23   officer invaded the employee's personal space in a physically-intimidating manner, said

24

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                                    9

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

"[s]eriously?," as if to question whether the employee was "seriously" disobeying his order, and reiterated his command by saying that "you can't just take pictures of people," or words of similar effect.

55.     At that point, one of the onlookers chimed in to say that "yes you can [take photographs of public officials engaged in performing their duties]."

56.     After first being ordered to stop taking photographs, none of the Foundation's employees continued taking photographs of the scene taking place outside the L&I cafeteria.

57.     Prior to being ejected, however, the Foundation's employees requested of Ms. Normoyle that she provide a copy of the Department's policies that required prior approval to be in a publicly accessible area of the building, pursuant to which (purportedly) she was ejecting the Foundation's employees.

58.     Ms. Normoyle replied that she would email the Foundation a copy of the policy.

59.     Ms. Normoyle subsequently emailed to the Foundation's employee a copy of the Department of Labor & Industries Policy 5.04 (the "Policy"), a true and correct copy of which is attached hereto as **Exhibit 1**.

60.     As set forth in the Policy, scheduling the use of L&I facilities occurs on a first-come, first-served basis, and the "[f]acilities available for scheduling are limited to the following locations: auditorium, rotunda, employee break room after business hours, south wing conference rooms … [and] parking lot (weekends only)." *See* **Ex. 1**, Sections B & C. During all relevant times, the Foundation's employees were not positioned or present in any of these areas.

61.     Pursuant to the Policy, "[t]he Assistant Director for Administrative Services or designee has *final authority* for approving requests or exceptions based on the following criteria which include, but are not limited to: rooms are to be used to conduct business related functions

of government; the activity does not conflict with a previously scheduled activity; the activity does not violate any federal, state or local law; maintaining an orderly flow of pedestrian and vehicular traffic, *not interfering with agency business* or blocking access to the building; *and the activity does not pose unreasonable risk, damage or injury to persons or property, or liability to the state or Department*." *See id.*, at Section C.1 (emphasis added).

62.   The Policy further prohibits "some activities," although an exclusive list is not set forth in the Policy. Among other activities, it categorically prohibits "political campaigning," "sales and solicitations," "demonstrations/rallies within the building," and "religious services." *See id.*, at Section F.

63.   With respect to applications for use of the Department facilities, the Policy states that "[t]he Department's decision may be appealed in writing to the Assistant Director for Administrative Services. The Assistant Director will review the appeal and respond in writing within 30 days." *See id.*, at Section C.2.

64.   The Policy does not provide for further administrative or judicial review of the Department's decisions upon applications for use of the facilities, beyond stating that the Assistant Director for Administrative Services (or that individual's designee) has "final authority for approving requests or exceptions." *See id.*, at Section C.1.

65.   The Foundation has also obtained a copy of the Labor and Industries Facility Use Application and Agreement for Government Agencies (the "Application"), a true and correct copy of which is attached hereto as **Exhibit 2**.

66.   After setting forth a general summary of the administrative procedure for review and/or approval of applications, the Application states that "[a]ctivities that violate state or federal law, *pose a potential for the disruption of agency business, are a potential hazard to public safety,*

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                                    11

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

*create a legal liability or cost to the State or Department, or may damage public property* are prohibited in the L&I Tumwater Building or on the grounds." *See* **Ex. 2**, at p. 2 (emphasis added).

67.     Accordingly, Policy 5.04, upon which L&I employees relied in ejecting the Foundation's employees, does not even pertain to the area in which the Foundation's employees were positioned, and cannot justify the Department's actions. At the time she ejected the Foundation's employees from the Building, Defendant Normoyle knew or should have known that Policy 5.04 provided no authority for the Department's ejection of the Foundation's employees, in contravention of the Foundation's clearly established First Amendment rights.

68.     In the alternative, Policy 5.04 is invalid and unenforceable, as it violates the Foundation's constitutional rights as set forth herein. At the time she ejected the Foundation's employees from the Building, Defendant Normoyle knew or should have known that Policy 5.04 was unconstitutional and therefore provided no authority for the Department's ejection of the Foundation's employees, in violation of the Foundation's clearly established First Amendment rights.

69.     Upon information and belief, other groups whose message is favored by the Department have not been required to obtain a permit before conducting First Amendment activities in the publicly accessible areas of L&I's Tumwater building, and have not been ejected from the building for conducting such activities.

70.     The Foundation has incurred attorney's fees and costs in connection with the filing and prosecution of this lawsuit, and hereby requests to be made whole for same, pursuant to 42 U.S.C. § 1988.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                                            12

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1

## V.    CLAIMS FOR RELIEF.

2

### CLAIM 1
### Due Process & Equal Protection Violations,
### Pursuant to 42 U.S.C. § 1983, against the Department & Ms. Normoyle

3

4    71.    The Foundation hereby re-alleges and incorporates by reference paragraphs 1-70,

5    set forth above, and paragraphs 93-100, set forth below, as if fully set forth herein.

6    72.    The fundamental rights of free speech and freedom of association are guaranteed

7    by the First Amendment to the U.S. Constitution, as incorporated to the states by the Fourteenth

8    Amendment, and by the Washington Constitution. Substantive due process recognizes a cause of

9    action for violation of such fundamental rights, and the Fourteenth Amendment also requires that

10    similarly situated individuals receive the equal protection of the law.

11    73.    As such, the Equal Protection Clause and the Due Process Clause of the Fourteenth

12    Amendment to the U.S. Constitution, as well as Art. I, Sections 4 and 5 of the Washington State

13    Constitution, prohibit the Defendants from significantly interfering with the Foundation's

14    fundamental rights of free speech and association/assemblage, and from treating similarly situated

15    groups differently based on the protected expressive activities in which they are engaged.

16    Defendants are liable under 42 U.S.C. § 1983 because their conduct, engaged in under color of

17    law, deprived the Foundation of its federal constitutional rights.

18    74.    The Foundation, LGBT advocacy groups and labor unions which also utilize

19    publicly accessible spaces within the L&I building are similarly situated because all are

20    ideologically motivated and engage in constitutionally protected speech with public employees.

21    75.    Upon information and belief, the Department and Ms. Normoyle have previously

22    permitted, and continue to permit, LGBT advocacy groups, as well as representatives of

23    WFSE/AFSCME Council 28 and/or other labor organizations, to conduct similar First Amendment

24

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES

13

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1   activities, including leafletting and/or providing informational materials about union membership,

2   without applying for and previously obtaining approval for such activities.

3       76.     The Department's and Ms. Normoyle's significant interference with the

4   Foundation's fundamental rights of free speech and association and its differential treatment of

5   similarly situated speakers are not reasonable, nor are they narrowly tailored to achieve a

6   significant and/or compelling government interest.

7       77.     Instead, the Department's and Ms. Normoyle's conduct seeks to silence the

8   Foundation's issue advocacy to public employees, by preventing the Foundation from utilizing an

9   essential tool to engage in direct, one-on-one speech with L&I employees who are in bargaining

10  units for which there is a designated union representative.

11      78.     By and through their conduct in ejecting the Foundation's canvassers from L&I

12  Premises, and preventing its employees from documenting the incident with photographs, the

13  Department and Ms. Normoyle have significantly interfered with, and will continue to

14  significantly interfere with, the Foundation's fundamental rights to free speech and association, in

15  violation of the Equal Protection Clause and the Due Process Clause of the Fourteenth

16  Amendment, and Art. 1, Secs. 4 and 5 of the Washington State Constitution.

17      79.     Moreover, the Department's and Ms. Normoyle's actions as set forth herein

18  represent content-based and/or viewpoint-based restrictions on political speech, the very core of

19  constitutionally protected speech.

20      80.     Upon information and belief, the Department's and Ms. Normoyle's reliance upon

21  the Policy is a mere pretext for intentional, viewpoint-based discrimination against the Freedom

22  Foundation and its message, aimed at a critical time for the dissemination of that message (*i.e.*, the

23  anniversary of the *Janus* decision).

24

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                         14

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

81.     At the very least, the Department and Ms. Normoyle have not consistently enforced the Policy against speakers in the past, including LGBT advocacy groups and/or speakers representing unions' point of view.

## CLAIM 2
### Free Speech Violation for Ejection From L&I Premises, Pursuant to 42 U.S.C. § 1983, against all Defendants

82.     The Foundation hereby re-alleges and incorporates by reference paragraphs 1-81, set forth above, as if fully set forth herein.

83.     This Claim 2 alleges a First Amendment free speech violation for the Defendants' ejecting Foundation employees from the premises of the L&I Building. The First Amendment to the U.S. Constitution, incorporated against the State of Washington by the Fourteenth Amendment, protects organizations' and individuals' right to engage in political speech. Further, the First Amendment forbids state actors from favoring one viewpoint over other viewpoints.

84.     The Foundation's outreach program to public employees, including its canvassing activities, represents constitutionally protected speech. The Foundation's other expressive activities which are directed at public employees are also constitutionally protected speech.

85.     The First Amendment, as incorporated against the states by the Fourteenth Amendment, prohibits the Defendants from erecting barriers to prevent the Foundation from exercising its constitutionally protected speech rights.

86.     The Foundation, LGBT advocacy groups, and the unions who also utilize publicly accessible spaces within the L&I building are similarly situated because all are ideologically motivated groups, comprised of individuals that engage in constitutionally protected speech with public employees.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES

15

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

87.     Upon information and belief, the Defendants have previously permitted, and continue to permit, LGBT advocacy groups, as well as representatives of WFSE/AFSCME Council 28, to conduct similar First Amendment activities, including leafletting and providing informational materials about union membership, without previously obtaining approval for such activities.

88.     The Defendants' conduct in ejecting the Foundation's employees from publicly accessible spaces within its building seeks to silence the Foundation's issue advocacy to public employees, by preventing the Foundation from utilizing an essential tool to engage in direct, one-on-one speech with L&I employees who are in bargaining units for which there is a designated union representative.

89.     This significant interference with the Foundation's fundamental right of free speech is not reasonable, nor is it narrowly tailored to achieve a significant and/or compelling government interest.

90.     Moreover, the Defendants' actions as set forth herein represent content-based and/or viewpoint-based restrictions on political speech, the very core of constitutionally protected speech.

91.     Upon information and belief, the Defendants' reliance upon the Policy to eject the Foundation's employees from its building is a mere pretext for intentional, viewpoint-based discrimination against the Freedom Foundation and its message.

92.     At the very least, the Defendants have not consistently enforced the Department's Policy against speakers in the past, including LGBT advocacy groups and/or speakers representing the unions' point of view.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES

16

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**CLAIM 3**
**Free Speech & Due Process Violations for Prohibition of Photography,**
**Pursuant to 42 U.S.C. § 1983, against all Defendants**

93. The Foundation hereby re-alleges and incorporates by reference paragraphs 1-92, set forth above, as if fully set forth herein.

94. This Claim 3 alleges a First Amendment free speech violation and a Fourteenth Amendment due process violation, for the Defendants' prohibiting the Foundation's employees from documenting the actions of public officials, including law enforcement and L&I officials, engaged in the performance of their public duties.

95. The Fifth Amendment and the Fourteenth Amendment to the U.S. constitution, protect an individual's due process rights to record the conduct of public officials engaged in their public duties, for the preservation of evidence, protection of the individual's legal rights, and for any other lawful purpose.

96. Further, the First Amendment to the U.S. Constitution, incorporated against the State of Washington by the Fourteenth Amendment, protects organizations' and individuals' rights to engage in speech and other expressive activities, including the recording and/or photographing of law enforcement officers and other public officials engaged in the performance of their official duties.

97. The Foundation's outreach program to public employees, including its canvassing activities, represents constitutionally protected speech. The Foundation's other expressive activities which are directed at public employees, including the taking of photographs depicting patent abuses of power by state actors, are also constitutionally protected speech.

98. The First Amendment prohibits the Defendants from erecting barriers to prevent the Foundation from exercising its constitutionally protected speech rights. Acting pursuant to the

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES

17

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

Policy and/or the instruction of L&I employees, and with the approval of the Department, the Washington State Patrol officers prevented the Foundation's employees from exercising their First Amendment right to record public officials engaged in the performance of their official duties – including both the law enforcement officers and employees of L&I involved in the incident.

99.     The Defendants' significant interference with the Foundation's fundamental rights of due process, free speech and freedom of association is not reasonable, nor is it narrowly tailored to achieve a significant and/or compelling government interest.

100.     Moreover, the Defendants' actions as set forth herein represent content-based and/or viewpoint-based restrictions on political speech, the very core of constitutionally protected speech.

**CLAIM 4**
**Freedom of Association Violation for Ejection from L&I Premises,**
**Pursuant to 42 U.S.C. § 1983, against all Defendants**

101.     The Foundation hereby re-alleges and incorporates by reference paragraphs 1-100, set forth above, as if fully set forth herein.

102.     This Claim 4 alleges a First Amendment free association/assemblage violation for the Defendants' ejection of Foundation employees from the premises of the L&I Building.

103.     The First Amendment to the U.S. Constitution, incorporated against the States by the Fourteenth Amendment, forbids the Defendants from abridging individuals' freedom of association. Similarly, Art. I, Sec. 4 of the Washington State Constitution provides that "[t]he right of … the people peaceably to assemble for the common good shall never be abridged."

104.     Without being permitted to discuss with public employees their rights under prevailing U.S. Supreme Court precedent, the Foundation cannot exercise its fundamental rights of association and assemblage.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES

18

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

105.    The Defendants' significant interference with the Foundation's fundamental rights of association and assemblage is not reasonable, nor is it narrowly tailored to achieve a significant and/or compelling government interest.

106.    Thus, the Defendants' actions, as set forth herein, infringe and continue to infringe upon the Foundation's freedom of association/assemblage, in violation of the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

CLAIM 5
**Free Speech Violation by Prior Restraint,**
**Pursuant to 42 U.S.C. § 1983, Against the Department**

107.    The Foundation hereby re-alleges and incorporates by reference paragraphs 1-106, set forth above, as if fully set forth herein.

108.    This Claim 5 alleges a First Amendment free speech violation for the Department's maintenance of the Policy, which is overbroad on its face and amounts to a prior restraint on broadly-based categories of speech, and which relies upon the Department's unfettered discretion for its application.

109.    Because the Policy utilized by L&I for approving use of the Department's facilities purports to place a prohibition on protected First Amendment speech by way of a licensing/permitting scheme, before such speech has taken place, it constitutes a prior restraint on speech, within the meaning of well-established First Amendment doctrine.

110.    As a prior restraint on speech, there is a heavy presumption that L&I's Policy is a violation of the Foundation's free speech rights under the First Amendment to the United States Constitution.

111.    Moreover, under Art. I, Sec. 5 of the Washington State Constitution, a prior restraint on protected speech is *per se* unconstitutional, under any circumstances.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                                        19

112.    The Policy relied upon by the Department to eject the Foundation's employees lacks any clear standards or objective criteria for determining whether First Amendment activities should be permitted, and effectively confers unbridled discretion on those applying its requirements.

113.    Moreover, the Policy purports to vest final, unreviewable authority to make determinations concerning applications for use of the L&I facilities in the Assistant Director for Administrative Services ("or its designee"), who is an administrative decisionmaker.

114.    Furthermore, the Policy purports to prohibit entire content-based categories of protected First Amendment speech, including "political campaigning," "sales and solicitations," "demonstrations/rallies within the building," and "religious services."

115.    The foregoing content-based categories of speech, as well as the other standards and prohibitions set forth in the Policy, are impermissibly vague and include in their remarkable sweep substantially more speech than is necessary to serve any conceivable, legitimate interest of the Department and/or the State of Washington.

116.    Furthermore, such broad criteria and content-based categories themselves give rise to a substantial threat of arbitrary enforcement and differential treatment for similarly-situated speakers, depending upon whether the Department approves of a particular speaker's message.

117.    The Department can identify no cognizable state interest, much less any significant and/or compelling state interest, that supports the Department's utilization of the Policy as a prior restraint on protected speech, nor for its identification of content-based categories of speech that are outright prohibited.

118.    Furthermore, neither the Department's utilization of the Policy as a prior restraint on protected speech, nor its identification of content-based categories of speech that are outright

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                                          20

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    prohibited, are narrowly tailored to achieve any significant and/or compelling state interest, and

2    neither is the least restrictive means to accomplish any such state interest. Accordingly, the Policy

3    does not represent a reasonable time, place, or manner restriction on the Foundation's speech.

4         119.    As such, the Foundation's free speech rights under the United States Constitution

5    and Washington Constitution are violated by the Department's utilization of the Policy as a prior

6    restraint on protected speech, and by its identification of content-based categories of speech that

7    are outright prohibited.

8                                           CLAIM 6
                           **Declaratory & Injunctive Relief Pursuant to**
9                       **28 U.S.C. §§ 2201 & 2202, against all Defendants**

10        120.    The Foundation hereby re-alleges and incorporates by reference paragraphs 1-119,

11   set forth above, as if fully set forth herein.

12        121.    Based upon the foregoing allegations, there is presently existing between the parties

13   hereto an actual, substantial, ongoing controversy that requires the Court's intervention. This

14   request for a declaratory judgment is not seeking an advisory opinion from the Court.

15        122.    28 U.S.C. § 2201 provides, in relevant part, that

16                        In a case of actual controversy within its jurisdiction
                          … any court of the United States, upon the filing of
17                        an appropriate pleading, may declare the rights and
                          other legal relations of any interested party seeking
18                        such declaration, whether or not further relief is or
                          could be sought. Any such declaration shall have the
19                        force and effect of a final judgment or decree and
                          shall be reviewable as such.
20
     28  U.S.C. § 2201(a).
21
          123.    All of the parties necessary to resolve the present controversies are presently before
22
     the Court, and subject to its jurisdiction.
23

24
     COMPLAINT FOR DECLARATORY
     RELIEF, INJUNCTIVE RELIEF &
     DAMAGES                                    21

124. A declaratory judgment as requested below would resolve all controversies between the parties hereto.

125. Furthermore, 28 U.S.C. § 2202 provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any party whose rights have been determined by such judgment."

126. Plaintiff has no adequate remedy at law to compensate for the loss of its fundamental, federal and state constitutional rights, and will suffer irreparable injury absent an injunction against the Defendants as requested herein. Time is of the essence with respect to Plaintiff's ability to exercise its First Amendment freedoms and engage in core political speech.

127. The harms alleged herein are ongoing and continuing in nature, as the Department continues to maintain and rely upon a Policy that violates the Freedom Foundation's state and federal constitutional rights, and as it otherwise prevents the Foundation from exercising its rights of free speech and free association on the premises of the L&I building.

128. The public interest favors the entry of injunctive relief, as do the equities in this case, in order to protect the Foundation's and public employees' rights of free speech and free association/assemblage, and to maintain an open forum for robust public debate and discussion.

129. Among the various matters comprising the parties' dispute are:

    a. Whether the Defendants' ejection of Freedom Foundation employees from the Department's premises on June 27, 2019, violates the Foundation's right to free speech, as secured by the First Amendment to the United States Constitution and/or the Washington Constitution;

    b. Whether the Defendants' ejection of Freedom Foundation employees from the Department's premises on June 27, 2019, violates the Foundation's right

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES      22

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

to due process, as secured by the Fourteenth Amendment to the United States Constitution and/or the Washington Constitution;

c.   Whether the Defendants' ejection of Freedom Foundation employees from the Department's premises on June 27, 2019, violates the Foundation's right to equal protection, as secured by the Fourteenth Amendment to the United States Constitution and/or the Washington Constitution;

d.   Whether the Defendants' ejection of Freedom Foundation employees from the Department's premises on June 27, 2019, violates the Foundation's right to free association/assemblage, as secured by the First Amendment to the United States Constitution and/or the Washington Constitution;

e.   Whether the Defendants' prohibition of Freedom Foundation employees from taking photographs of state actors in the performance of their public duties, on the Department's premises on June 27, 2019, violates the Foundation's right to free speech, as secured by the First Amendment to the United States Constitution and/or the Washington Constitution;

f.   Whether the Defendants' prohibition of Freedom Foundation employees from taking photographs of state actors in the performance of their public duties, on the Department's premises on June 27, 2019, violates the Foundation's right to due process, as secured by the Fourteenth Amendment to the United States Constitution and/or the Washington Constitution;

g.   Whether the restrictions set forth in the Department's Policy violates the Foundation's right to free speech, as secured by the First Amendment to the United States Constitution and/or the Washington Constitution;

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES                                          23

h.  Whether the Department's Policy establishes a prior restraint on protected speech, violates the First Amendment to the United States Constitution and/or the Washington Constitution.

i.  Whether any future attempts by L&I to frustrate the Freedom Foundation's similar, constitutionally-protected activities will violate the foregoing rights.

## VI.  RELIEF REQUESTED.

**WHEREFORE**, having set forth the claims for relief above, the Plaintiff, Freedom Foundation, respectfully prays for relief as follows:

1.  That the Court declare that the Defendants' ejection of Freedom Foundation employees from the Department's premises on June 27, 2019, constitutes a violation of the Foundation's right to free speech, as secured by the First Amendment to the United States Constitution and/or the Washington Constitution;

2.  That the Court declare that the Defendants' ejection of Freedom Foundation employees from the Department's premises on June 27, 2019, constitutes a violation of the Foundation's right to due process, as secured by the Fourteenth Amendment to the United States Constitution and/or the Washington Constitution;

3.  That the Court declare that the Defendants' ejection of Freedom Foundation employees from the Department's premises on June 27, 2019, constitutes a violation of the Foundation's right to equal protection, as secured by the Fourteenth Amendment to the United States Constitution and/or the Washington Constitution;

4.  That the Court declare that the Defendants' ejection of Freedom Foundation employees from the Department's premises on June 27, 2019, constitutes a violation of the

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

Foundation's right to free association/assemblage, as secured by the First Amendment to the Constitution and/or the Washington Constitution;

5. That the Court declare that the Defendants' prohibition of Freedom Foundation employees from taking photographs of state actors in the performance of their public duties, on the Department's premises on June 27, 2019, constitutes a violation of the Foundation's right to free speech, as secured by the First Amendment to the United States Constitution and/or the Washington Constitution;

6. That the Court declare that the Defendants' prohibition of Freedom Foundation employees from taking photographs of state actors in the performance of their public duties, on the Department's premises on June 27, 2019, constitutes a violation of the Foundation's right to due process, as secured by the Fourteenth Amendment to the United States Constitution and/or the Washington Constitution;

7. That the Court declare that the restrictions set forth in the Department's Policy constitute a violation of the Foundation's right to free speech, as secured by the First Amendment to the United States Constitution and/or the Washington Constitution;

8. That the Court declare that the Department's Policy imposes a prior restraint on protected speech, in violation of the First Amendment to the United States Constitution and/or the Washington Constitution;

9. That the Court order injunctive relief: (i) requiring the Defendants to permit the Freedom Foundation and/or its employees to conduct lawful, protected speech activities on the premises of the Department of Labor and Industries, and preventing Defendants from interfering with same, including by requiring pre-approval of the Foundation's First Amendment activities as set forth in the Policy or any other policy, or otherwise

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF &
DAMAGES

25

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

discriminating against the Plaintiff's First Amendment activities, vis-à-vis similarly-situated speakers; (ii) prohibiting the Defendants from interfering with the Freedom Foundations' and/or its employees' taking of photographs of state actors in the performance of their public duties, on the premises of the Department of Labor and Industries; and (iii) prohibiting the Defendants from treating the Freedom Foundation and/or its employees differently than similarly-situated speakers (including, but not limited to LGBT advocacy groups, WSFE/AFSCME Council 28 and other labor organizations) seeking to use the Department's facilities for protected speech activities, whether by way of a pre-approved application or otherwise;

10. That the Court order payment of reasonable attorneys' fees and costs to the Plaintiff, Freedom Foundation, in accordance with applicable law, including, but not limited to 42 U.S.C. § 1988;

11. That judgment for money damages be entered against the individual Defendant, Heather Normoyle, in an amount to be determined at trial;

12. That judgment for money damages be entered against the individual Defendant, Jane Doe, in an amount to be determined at trial; and

13. That the Court order such other relief as is deemed equitable and just.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

RESPECTFULLY SUBMITTED on October 2, 2019.


By: _____
Robert A. Bouvatte, Jr.
P.O. Box 552, Olympia, WA 98507
PH: 360.956.3482 | F: 360.352.1874
RBouvatte@freedomfoundation.com

*Counsel for Freedom Foundation*

By: _____
Eric R. Stahlfeld, WSBA #22002
P.O. Box 552, Olympia, WA 98507
PH: 360.956.3482 | F: 360.352.1874
EStahlfeld@freedomfoundation.com

*Counsel for Freedom Foundation*

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874