HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREEDOM FOUNDATION, a Washington non-profit corporation,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>JOEL SACKS, in his official capacity as Director of Washington State Department of Labor & Industries; HEATHER NORMOYLE, in her individual capacity; and ELIZABETH SMITH, in her individual capacity,<br><br>　　　　　　Defendants. | CASE NO. 3:19-cv-05937-RBL<br><br>ORDER ON MOTION TO COMPEL DISCOVERY<br><br>DKT. # 23 |

THIS MATTER is before the Court on Defendants' (collectively "the Department") Motion to Compel Discovery. Dkt. # 23. On June 27, 2019, several Freedom Foundation employees were canvassing inside the L&I building when they were asked to leave by representatives of the Department; Freedom Foundation sued to challenge the constitutionality of this action and the policy supporting it. On January 14, 2020, the Department served its first set of interrogatories and requests for production on Plaintiff Freedom Foundation. To date, Freedom Foundation's production amounts to 12 photos. Freedom Foundation maintains that, because it objects to the Department's discovery as overbroad and seeking privileged

information, it can ignore such discovery entirely. Basically, Freedom Foundation thinks it can file a complaint making specific allegations and then refuse to disclose the facts supporting them because it does not like how the information was requested.

The Department now moves to compel Freedom Foundation to respond to its discovery. *See* Fed. R. Civ. P. 37(a). The following interrogatories and RFPs are at issue:

> **INTERROGATORY NO. 2:** Please identify the complete factual basis for the allegation in paragraph 26 of the Complaint that the "past practice of the Department of Labor & Industries was to "typically allow[] non-government speakers (including public employee unions), openly to conduct First Amendment activities in publicly accessible portions of the building, including outside the cafeteria, without first seeking or obtaining a permit."
>
> **REQUEST NO. 1:** Produce copies of any and all documents created, read, reviewed, collected, consulted, or relied upon in relation to all events described in the Complaint.
>
> **REQUEST NO. 2:** Produce copies of any and all documents created, read, reviewed, collected, consulted, or relied upon regarding the dissemination of your organization's materials on state agency property.
>
> **REQUEST NO 3:** Produce copies of any and all of your communications, notes, or other documents regarding all events described in the Complaint.
>
> **REQUEST NO. 5:** Produce copies of any and all documents created, read, reviewed, collected, consulted, or relied upon regarding the dissemination of any other organization's materials on state agency property.

Dkt. # 24, Ex. A. "Although the party seeking to compel discovery has the burden of establishing that its requests are relevant, *see* Fed. R. Civ. P. 26(b)(1), '[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections' with competent evidence." *Doe v. Trump*, 329 F.R.D.

ORDER ON MOTION TO
COMPEL DISCOVERY - 2

1  262, 270 (W.D. Wash. 2018) (quoting *Blemaster v. Sabo*, No. 2:16-CV-04557 JWS, 2017 WL

2  4843241, at *1 (D. Ariz. Oct. 25, 2017)).

3        First of all, the Department is correct that Freedom Foundation cannot refuse to produce

4  *anything at all* because it objects to some aspect of an interrogatory or RFP. Federal Rule of

5  Civil Procedure 33(b)(3) provides, "Each interrogatory must, to the extent it is not objected to, be

6  answered separately and fully in writing under oath." Rule 34(b)(2)(C) similarly requires that

7  "[a]n objection to part of a request must specify the part and permit inspection of the rest." These

8  rules clearly indicate that a party must participate in discovery to the extent possible, not hang its

9  hat on broad objections as an excuse for withholding information. In short, "parties have 'an

10 obligation to construe . . . discovery requests in a reasonable manner.'" *In re Rivera*, No. CV 16-

11 4676 JAK (SSX), 2017 WL 5163695, at *5 (C.D. Cal. Apr. 14, 2017) (quoting *Cache La Poudre*

12 *Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 618-19 (D. Colo. 2007)).

13       Freedom Foundation's arguments notwithstanding, this principle applies to objections of

14 overbreadth unless "inadequate guidance exists to determine the proper scope of the [discovery

15 request]." *Harris v. German*, No. 115CV01462DADGSAPC, 2019 WL 6683136, at *9 (E.D.

16 Cal. Dec. 6, 2019) (quoting *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006)); *see also In*

17 *re Rivera*, 2017 WL 5163695, at *6 ("[E]ven if the discovery requested was overbroad, Rivera

18 had an obligation at a minimum to respond to the requests to the extent that they sought non-

19 objectionable information or documents."). Work product and other privilege objections

20 similarly do not allow a party to unreasonably withhold all information. If a party asserts

21 privilege, they must provide a log that "describe[s] the nature of the documents,

22 communications, or tangible things not produced or disclosed . . . in a manner that, without

23 revealing information itself privileged or protected, will enable other parties to assess the claim."

24

Fed. R. Civ. P. 26(b)(5)(A)(ii); *see also Olson v. City of Bainbridge Island*, No. C08-5513RJB, 2009 WL 1770132, at *5 (W.D. Wash. June 18, 2009). Freedom Foundation's first mistake was treating its objections like a get out of jail free card.

But those objections were not even warranted. Freedom Foundation's complaints of overbreadth mostly hinge on the Department's use of phrases like "any and all" and "related to." Freedom Foundation is correct that using such omnibus terms to reference "a general category or group of documents or a broad range of information" is disfavored. *Harris*, 2019 WL 6683136, at *9. But, as the Department points out, "[t]he test for reasonable particularity is whether the request places a party upon reasonable notice of what is called for and what is not." *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (quoting *Bruggeman ex rel. Bruggeman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D. Ill. 2004)). A party cannot simply spot an omnibus term and assume the request is overbroad.

Here, in light of the limited set of facts underlying Freedom Foundation's claims, the Department's discovery was reasonably particularized. First, Freedom Foundation characterizes Interrogatory 2 as overbroad because it requests the "complete factual basis" for an allegation and has an open-ended timeframe. Consequently, Freedom Foundation maintains that the following supplemental response was "more than compliant":

> On June 27, 2019, it was and is the belief of the Foundation's employees that the Department allowed non-government groups and entities to use the publicly-accessible areas of the Department's Tumwater building on a more or less open basis, and that no formal permitting or reservation process applied to these spaces prior to June 27, 2019. It has since been confirmed through public records requests that this was correct, and in particular, that WFSE/AFSCME Council 28 and/or its representatives have frequently been permitted to conduct First Amendment activities in the publicly-accessible portions of the Tumwater Building, without the need to complete a Facility Use Application and Agreement for Government Agencies, to submit such an application to anyone at the Department, to otherwise comply with Policy 5.04, or to otherwise undergo any

1       formal permitting or reservation process.

2 Dkt. # 24, Ex. A.

3       This answer is insufficient. The information requested by this interrogatory cuts to the very heart of the case. In its Complaint, Freedom Foundation alleges that the Department allows other non-government speakers to use its building without any form of application. Freedom Foundation either has a factual basis for this belief or it does not. If it does, then it has an obligation to provide all such information, not merely one general example. Freedom Foundation's quibbling over just how granular the "complete factual basis" needs to be is beside the point. As it has clarified, the Department wants basic information about each relevant occasion that Freedom Foundation has knowledge of. Dkt. # 24, Ex. C. This information is vital to the Department's defense and must be provided.

      RFPs 1 and 3 also are not overbroad. While they seek "any and all" documents and communications "regarding" the events described in the Complaint, the Department accurately points out that the events at issue "took place over a couple of hours and involve the policies and practices at a single state agency." Motion, Dkt. # 23, at 10. Given this limited factual universe, the Department's RFPs are sufficiently particular if given a reasonable construction. *See Olson*, 2009 WL 1770132, at *5 (requiring production of "any and all documents of any kind which substantiate or support the [plaintiff's] claims and allegations"); *Stoba v. Saveology.com*, LLC, No. 13CV2925 BAS (NLS), 2015 WL 10857528, at *4 (S.D. Cal. July 7, 2015) (requiring production of "[a]ll documents concerning the allegations in the complaint" when the defendant had not produced any documents and plaintiff had clarified request). Indeed, Rule 26(a)(1)(A)(ii) on initial disclosures requires parties to provide "all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." This

requirement uses similarly broad language to RFP 1, yet Freedom Foundation has not produced any of the documents it identified in its initial disclosures. Some of the materials responsive to these RFPs may be privileged, but such documents should be included in a privilege log. The rest must be produced.

Finally, Freedom Foundation argues that RFPs 2 and 5 are overbroad, irrelevant, and constitute a "fishing expedition" for information to "embarrass the Foundation." Opposition, Dkt. # 28, at 10. The Court disagrees. These requests are relevant because, if Freedom Foundation has a pattern of canvassing in state buildings with the goal of sparking litigation, any guidance to its employees may contain information on how they are supposed to act around agency representatives, which may shed light on what was said or done at L&I on June 27, 2019. The requests are also not overly vague. They identify a specific class of documents with reasonable particularity. Freedom Foundation must produce these documents if they exist and identify any privileged materials in a log.

The Department's Motion is GRANTED. Freedom Foundation is advised to conduct itself in a reasonable manner during the discovery process going forward.

IT IS SO ORDERED.

Dated this 7th day of May, 2020.

Ronald B. Leighton
United States District Judge