HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FREEDOM FOUNDATION,

        Plaintiff,

   v.

WASHINGTON STATE DEPARTMENT OF LABOR & INDUSTRIES, et al.,

        Defendants.

CASE NO. C19-5937RBL

ORDER

THIS MATTER is before the Court on Plaintiff Freedom Foundation's Motion to Compel Responses to its Second Set of Discovery Requests and for Sanctions. [Dkt. # 41]. This is the fourth fully-briefed discovery dispute in the case. [*See* Dkt. #s 21 & 25, 23, and 33]. The facts and Freedom Foundation's claims have been recited in the Court's prior Orders and it need not repeat them. [*See* Dkt. #s 36, 43, and 51].

This time, Freedom Foundation seeks production of Defendant Department of Labor & Industries' employee personnel files (Requests for Production Nos. 1-7). Freedom Foundation claims L&I violated its constitutional rights when it refused to permit Freedom Foundation canvassers to distribute pamphlets in L&I's building without permission. It seeks information "pertaining to the scope of authority enjoyed by various decisionmakers and other relevant actors

at the Department, how they exercised this authority on June 27, 2019, and how faithfully they have applied the Department's policies in the past, as well as other matters pertaining to their employment[.]" It implies that the personnel files will lead to information about these issues, but it mostly argues that the "official information privilege" does not preclude their production. And, it claims, L&I waived that privilege anyway, when it failed to properly raise it in its objections.

It claims it has narrowed its request to eleven categories of discoverable information from the personnel files: "(1) qualifications; (2) positions held; (3) resumes; (4) job applications; (5) training; (6) job experience related to their qualifications; (7) complaints, including complaints and/or investigations about complaints that were unfounded; (8) internal investigations regarding job performance; (9) performance evaluations; (10) disciplinary actions; and (11) promotions." It claims those categories are fair game under *Tumbling v. Merced Irr. Dist.*, 262 F.R.D. 509, 520 (E.D. Cal. 2009).

Freedom Foundation also seeks to compel additional responses to Request for Production No. 8, which seeks information about the use of all "publicly accessible" portions of the L&I building, and No. 9, which plainly seeks information about a different litigation.

L&I demonstrates that it fully and reasonably responded to Request No. 8, and No. 9 is facially improper and irrelevant. Freedom Foundation's Motion to Compel further responses or production on those Requests is **DENIED**.

As to the larger issue, L&I argues that Freedom Foundation's attempt to mine its employees' private personnel files is not proper, not likely to lead to the discovery of admissible evidence, irrelevant and disproportional. It argues the case is about the Department's policy, not its (often non-party) employees' actions, and that Freedom Foundation seeks to obtain information for other cases. It argues that even Freedom Foundation's narrowed request seeks

permission to "rifle through private, irrelevant files." Citing *Bush v. Pioneer Human Servs.*, No. C09-518 RSM, 2010 WL 11682489, at *4 (W.D. Wash. Jan. 8, 2010). It argues *Tumbling* was an employment case, plainly distinguishable. It also distinguishes the remainder of Freedom Foundation's authorities, most of which involved excessive force or employment claims.

L&I's primary defense is that the information is not discoverable, but it also argues that even if it were marginally relevant the information is protected by Washington Privacy laws and by the official information privilege, and that it properly preserved those objections.

Rule 26(b)(1) states that parties may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, discovery also must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. A party may move to compel discovery after certifying their good-faith attempt to resolve the dispute with the other party. Fed. R. Civ. P. 37(a)(1). "Although the party seeking to compel discovery has the burden of establishing that its requests are relevant, *see* Fed. R. Civ. P. 26(b)(1), '[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections' with competent evidence." *Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018) (quoting *Blemaster v. Sabo*, No. 2:16-CV-04557 JWS, 2017 WL 4843241, at *1 (D. Ariz. Oct. 25, 2017)).

Freedom Foundation has not shown that an L&I employees' resume or qualifications or disciplinary history or promotions or any of the other *Tumbling* categories are relevant to its claims, or its discovery into "whether and how the Defendants instructed Washington State

Patrol Officers, and if that was within the scope of their authority, whether the Defendants properly applied Policy 5.04 and/or did so motivated by animus, and frankly, whether they are telling the truth about which areas this policy applied to, and when."

There is no discernable connection between the files sought and the issues sought to be informed. Freedom Foundation's search for evidence that L&I is lying about its written policy, or about the policy's application to the Foundation's canvassers a year ago, is not productively or reasonably conducted in L&I employees' personnel files. It might find that one padded her resume, or try to impeach another by learning that he was passed over for promotion for one reason or another. Freedom Foundation could argue for the same reasons that it is entitled to the employees' tax returns, or divorce filings or diaries or medical records. But that is not what this case is about. The files are not relevant, and they are not discoverable.

Alternatively, even if the files were remotely relevant or otherwise discoverable in the context of this case, they are protected from disclosure. "Given the potentially sensitive nature of the subject, courts take 'special care' before allowing discovery into private aspects of a person's employment history." *Naini v. King Cty. Pub. Hosp. Dist. No. 2*, No. C19-0886-JCC, 2019 WL 6877926, at *2 (W.D. Wash. Dec. 17, 2019) (citing *Paschal v. Am. Family Mut. Ins. Co.*, No. C14-1640RSM, 2015 WL 4431008, at *4 (W.D. Wash. July 20, 2015)). L&I argues persuasively that such files are most likely to be discoverable in employment cases, and that the Court must balance the relevance of the information (vey low) against the privacy issues implicated (obviously high).

Freedom Foundation argues that L&I waived the official information privilege. It cites a trio of California District Court cases[1] (two of them unreported) for the proposition that any such objection must be accompanied by an L&I official's Declaration verifying that such files exist, that they are kept confidentially, that the official has reviewed them, the privacy implications of disclosure, and the like. Otherwise, it claims, the privilege is waived. But those cases involved wholly different contexts, and, as L&I argues, there is no case in this jurisdiction holding that the onerous "verification" process applies to a case remotely resembling this one. The privilege was not waived, and it applies.

\* \* \*

This discovery, and this motion, are a part of what is starting to look like Freedom Foundations' routine discovery practice. It propounds interrogatories seeking its adversary's legal opinions, and sends each defendant separate, repetitive discovery requests. Its seems to be more interested in making its opponent waste time and effort than in advancing its cause. It files serial discovery and serial discovery motions—one even asked the Court to edit or delete L&I's discovery objections, though it conceded L&I also had already produced the requested information. In the meantime, at least initially, it demonstrably shirked its own discovery obligations. This is not "proportional," it is not reasonable, and it is not the way cases are tried in this court. The Court has tried not to be subtle about the propriety of these punitive discovery practices:

---

[1] *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987); *Carter v. Carlsbad*, 2011 WL 669227, at \*2 (not reported) (S.D. Cal. 2/15/2011) (involving a § 1983 excessive force claim; plaintiff sought investigations and disciplinary actions regarding the defendant officer); and *Martin v. Evans*, 2012 WL 1894219, at \*2 (not reported) (N.D. Cal. 5/23/2012).

"Freedom Foundation is advised to conduct itself in a reasonable manner during the discovery process going forward."

[Dkt. # 43 at 6]. It recently ruled, for example, that Freedom Foundation's quest for "all oral communications" in support of its hypothesis that L&I had a "culture of antipathy toward Freedom Foundation" "hardly justifies" the "massive burden [compiling that information] would impose." The requests at issue here bear far more resemblance to that improper request than they do to the request for personnel files in *Tumbling*.

Freedom Foundation's Motion to Compel as to Request Nos. 1-7 is **DENIED**.

Freedom Foundation has not substantially prevailed in any of the four discovery disputes that have thus far dominated this litigation. Yet each time it has asked the Court to sanction L&I. The Court is reluctant to impose sanctions, but this pattern of harassment warrants it. The Court imposes a Rule 37(a)(5)(B) sanction on Freedom Foundation in the amount of $2,500 toward L&I's costs and attorneys' fees in successfully defending this Motion, payable by Freedom Foundation and its counsel to L&I, within ten days. It will take judicial notice that true cost is higher and will not require further documentation.

IT IS SO ORDERED.

Dated this 14th day of July, 2020.

Ronald B. Leighton
United States District Judge